JS 44 (AND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID HAJIME BROWN

**DEFENDANTS**
ABC LEGAL SERVICES, INC. and RICHARD JAMES LOWRY

**(b)** County of Residence of First Listed Plaintiff ALAMEDA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**ADR**

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Consumer Law Center, Inc., 12 South First Street, Suite 1014
San Jose, CA 95113-2414 (408) 294-6100

Attorneys *(If Known)*

**JSC**

CV 12-01911

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)* **E-filing**

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | Liability **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

Brief description of cause:
Unlawful debt collection practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Edward M. Chen
DOCKET NUMBER 3:11-CV-03007-EMC

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 04/17/2012

SIGNATURE OF ATTORNEY OF RECORD Fred W. Schwinn (SBN 225575)

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100   **ADR**
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   DAVID HAJIME BROWN
6
                            **E-filing**
7

**Filed**

APR 1 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8          **IN THE UNITED STATES DISTRICT COURT**
9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
            **SAN FRANCISCO/OAKLAND DIVISION**
10
   DAVID HAJIME BROWN,                    Case No. CV 12-01911 JSC
11
                  Plaintiff,              **COMPLAINT**
12
        v.                                **DEMAND FOR JURY TRIAL**
13
   ABC LEGAL SERVICES, INC., a Washington
14 corporation; RICHARD JAMES LOWRY,      15 United States Code § 1692 *et seq*.
   individually and in his official capacity; and   California Civil Code § 1788 *et seq*.
15 DOES 1 through 10, inclusive,          California Bus. and Prof. Code § 17200
16
                  Defendants.
17

18      Plaintiff, DAVID HAJIME BROWN, based on information and belief and investigation of

19 counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are

20 alleged on personal knowledge), hereby makes the following allegations:

21                            **INTRODUCTION**

22      1.    The Defendants in this case are process servers who have engaged in the

23 ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a
24

---

25 [1] *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice
   which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on
26 installment payment contracts for personal property permitting repossession and garnishment, providing
   a fertile field for the fleecing of the poor and the disadvantaged.").
27 [2] *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982)
   ("'[S]ewer service' constitutes shoddy practice. It delays the process of justice and must be
28 discouraged. This court has discretion to do just that.").

                            - 1 -
                          COMPLAINT

1  fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default

2  judgment can be entered against him.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the
> business of serving process gravitates into the hands of professional process servers.
> Some of these process servers once followed a practice of disposing of process given
> them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had
> duly served it.[4]

7          2.      This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

8  *seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil

9  Code § 1788 *et seq*. (hereinafter "RFDCPA")  for actual damages, statutory damages, attorney fees and

10  costs brought by an individual consumer against process servers who engage in "sewer service."

12          3.      While faithful process servers are exempted from the definition of "debt collector"

13  under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process

14  server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or

15  harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

16          4.      Therefore, the Defendants in this case – process servers that failed to serve court

18  process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed

19  from the FDCPA's process server exemption.[7]

20  / / /

---

[3]  *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350, *2 (N.D. Ill. Feb. 1, 2011).
[4]  *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).
[5]  15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 17 (S.D.N.Y. Dec. 29, 2010), *citing Romea v. Heiberger & Assocs*., 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").
[6]  *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, *18 (S.D.N.Y. Dec. 29, 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002).
[7]  *Freeman v. ABC Legal Services, Inc.*, 2011 U.S. Dist LEXIS 129840 (N.D. Cal. Nov. 9, 2011); *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 18 (S.D.N.Y. Dec. 29, 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

1

**JURISDICTION**

2

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

3

4

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory

5

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6

6. This action arises out of Defendants' violations of the Fair Debt Collection

7

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

8

**VENUE**

9

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

10

11

substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

12

Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

13

transact business in this judicial district and the violations of the FDCPA complained of occurred in this

14

judicial district.

15

**INTRADISTRICT ASSIGNMENT**

16

17

8. This lawsuit should be assigned to the San Francisco/Oakland Division of this

18

Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in

19

Alameda County.

20

**PARTIES**

21

9. Plaintiff, DAVID HAJIME BROWN (hereinafter "Plaintiff"), is a natural person

22

23

residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §

24

1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

25

10. Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a

26

Washington corporation engaged in the business of composing and selling forms, documents and other

27

collection media used or intended to be used for debt collection. ABC LEGAL's principal place of

28

- 3 -
COMPLAINT

1   business is located at: 633 Yesler Way, Seattle, Washington 98104. ABC LEGAL may be served at

2   the address of its Agent for Service of Process at: ABC Legal Services, Inc., c/o National Registered

3   Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606. Plaintiff is informed, believes

4   and thereon alleges, that ABC LEGAL is a corporation subject to the registration and other provisions

5   found in Cal. Bus. & Prof. Code §§ 22350-22360. ABC LEGAL is regularly engaged in the business of

6

7   indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt

8   collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone

9   and internet. ABC LEGAL regularly collects, directly or indirectly, consumer debts alleged to be due

10  to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ABC LEGAL is a "debt

11

12  collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABC LEGAL

13  is not subject to the exception of 15 U.S.C. § 1692a(6)(D). ABC LEGAL is vicariously liable to

14  Plaintiff for the acts of LOWRY.[8]

15      11.     Defendant, RICHARD JAMES LOWRY (hereinafter "LOWRY"), is a natural

16  person and is or was an employee and/or agent of ABC LEGAL at all relevant times. LOWRY is in the

17

18  business of composing and selling of forms, documents and other collection media used or intended to

19  be used for debt collection. Plaintiff is informed, believes and thereon alleges, that LOWRY is an

20  individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-

21  22360. LOWRY may be served at his current residence address: Richard James Lowry, 20048 Leroy

22  Drive, Castro Valley, California 94546-4204. LOWRY is regularly engaged in the business of

23

24  [8] Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct
    of his or her employees acting within the course or scope of their employment, and any person acting as
25  an independent contractor within the course or scope of the agency relationship with the registrant."),
    *See also*, *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("an entity which itself
26  meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities
    carried out by another on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994);
27  *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors
28  employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are
    vicariously liable for their agent's conduct").

1    indirectly collecting consumer debts by assisting the other debt collectors file and maintain civil debt

2    collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone

3    and internet. LOWRY regularly collects, directly or indirectly, consumer debts alleged to be due to

4    another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. LOWRY is a "debt

5    collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). LOWRY

6    cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

7

8          12.    The true names and capacities, whether individual, corporate, associate or

9    otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at

10   this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed,

11   believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1

12   through 10, inclusive, are natural persons, limited liability companies, corporations or business entities

13   of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of

14   the Court to replace the fictitious names of these Doe Defendants with their true names when they are

15   discovered by Plaintiff.

16

17         13.    At all relevant times alleged in this Complaint, Defendants, and each of them,

18   were regularly engaged in the business of collecting consumer debts throughout the state of California,

19   including Alameda County, by assisting the other debt collectors file and maintain civil debt collection

20   lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and

21   internet.

22

23         14.    Plaintiff is informed, believes and thereon alleges, that each and all of the

24   aforementioned Defendants are responsible in some manner, either by act or omission, strict liability,

25   fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise,

26   for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately

27

28

1   caused by the conduct of Defendants.

2         15.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

3   in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer,

4   partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining

5   Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint

6   venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the

7   authority, consent, approval and ratification of each remaining Defendant.

8

9         16.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

10   in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry

11   out a single business undertaking and agreed to share the control, profits and losses.

12

13         17.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

14   in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or

15   joint venturer of each of the other Defendants and was acting within the course and scope of said

16   conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent

17   of each of the other Defendants.

18

19         18.    Whenever reference is made in this Complaint to any act of any corporate or other

20   business Defendant, that reference shall mean that the corporation or other business did the acts alleged

21   in this Complaint through its officers, directors, employees, agents and/or representatives while they

22   were acting within the actual or ostensible scope of their authority.

23

24         19.    At all relevant times alleged in this Complaint, each Defendant has committed the

25   acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to

26   commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make,

27   the untrue or misleading statements alleged in this Complaint.   Whenever reference is made in this

28

1  Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually

2  and jointly with the other Defendants.

3  **JOINT VENTURE**

4

5      20.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

6  in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry

7  out a single business undertaking and agreed to share the control, profits and losses.

8      21.    Specifically, Plaintiff is informed, believes and thereon alleges, that:

9      a.    ABC LEGAL is a Washington corporation engaged in the businesses of

10

11  manufacturing and selling process server returns and other debt collection related activities in

12  the State of California.  Through the use of the U.S. Mail, telephone and the internet, ABC

13  LEGAL advertises and markets process service and other legal support services to attorneys,

14  law firms, debt collectors, government agencies and the general public.  ABC LEGAL provides

15  the telephones, facsimile machines, computers, software and other equipment, support staff and

16  facilities used by LOWRY and the enterprise for their process server return manufacturing

17  activities.  ABC LEGAL composes the process server returns sold by the enterprise using its

18  own computer systems and the data which is input into its computer systems via its website

19  (www.abclegal.com and www.processservice.com) by its customers, like Mandarich Law

20  Group, LLP, and its process server agents, like LOWRY.  ABC LEGAL also acts as the public

21  face for the enterprise through its advertising, marketing, customer support and customer billing

22  for the enterprise's services.  ABC LEGAL provided LOWRY and the enterprise with its

23  address and the marketing, customer billing, computers and other support infrastructure that was

24

25  needed to manufacture and sell the Proof of Service of Summons to Mandarich Law Group,

26  LLP, for use in the state court lawsuit against Plaintiff.  ABC LEGAL provides advertising,

27

28

- 7 -<br>COMPLAINT

1  marketing, address and its support staff, equipment and facilities to the enterprise and in return

2  receives a share of the profits realized by the enterprise from their process server return

3  manufacturing activities. Notwithstanding its use of ABC LEGAL's address and telephone

4  number on the process server returns manufactured and sold by the enterprise, ABC LEGAL

5  will not accept service of process for LOWRY or any of its other process server agents, thereby

6  acting as a litigation shield should one of its process server agents be sued for their unlawful

7  activities.

8

9      b.   LOWRY is an individual and a registered process server in Alameda

10  County. LOWRY lent his name, facsimile signature and the legitimacy of his process server

11  registration number to the enterprise for use on the Proof of Service of Summons that was

12  manufactured and sold to Mandarich Law Group, LLP, and used in the state court lawsuit

13  against Plaintiff. LOWRY and other registered process servers provide the facial legitimacy of

14  their process server registrations to the enterprise and in return receive a share of the profits

15  realized by the enterprise from their process server return manufacturing activities. Without

16  LOWRY and other registered process servers and the facial legitimacy of their registration

17  numbers, ABC LEGAL could not market and sell process server returns like the Proof of

18  Service of Summons that was manufactured and sold to Mandarich Law Group, LLP, for use in

19  the state court case against Plaintiff.

20

21      22.   Plaintiff is informed, believes and thereon alleges, that process server services are

22  an integral part of ABC LEGAL's business and that ABC LEGAL could not offer such services without

23  its process server agents, like LOWRY.

24

25

26                                  **AIDING AND ABETTING**

27      23.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

28

in this Complaint, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by LOWRY.

24.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL marketed its Proof of Service of Summons product to law firms, debt collectors, government agencies and the general public, including Mandarich Law Group, LLP, as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL represented or implied in its advertising, marketing and other materials that ABC LEGAL would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25.    Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ABC LEGAL enlisted LOWRY and other registered process server agents to manufacture process server returns – like the Proof of Service of Summons that was sold to Mandarich Law Group, LLP, and used in the state court lawsuit against the Plaintiff in this case.

26.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL willingly, knowingly and intentionally fails to place its name and process server registration number on the process server returns manufactured by LOWRY and other process servers with the intent to misrepresent the true nature of the services being provided by ABC LEGAL and its process servers – like LOWRY – and the joint responsibility of ABC LEGAL and LOWRY, pursuant to Cal. Bus. & Prof. Code § 22356. Moreover, Plaintiff is informed, believes and thereon alleges, that ABC LEGAL willingly, knowingly and intentionally withheld its name and process server registration number from the Proof of Service of Summons that was sold to Mandarich Law Group, LLP, and used in the state court lawsuit against the Plaintiff in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with

- 9 -
COMPLAINT

the intent to deceive the Plaintiff, Mandarich Law Group, LLP, and the Superior Court of California. By providing registered process servers, like LOWRY, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the Proof of Service of Summons that was sold to Mandarich Law Group, LLP, and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding its name and process server registration number, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by LOWRY against the Plaintiff.

27. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL authorizes, uses, and ratifies the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like LOWRY, from service of process should they be sued for their unlawful activities. Notwithstanding its use of ABC LEGAL's address and telephone number on the process server returns manufactured and sold by the enterprise, ABC LEGAL will not accept service of process for LOWRY or any of its other process server agents when service of process is attempted at the address provided on their Proof of Service of Summons documents.

28. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL maintains digital facsimile signatures of its process server agents, including LOWRY, within its computer systems. ABC LEGAL uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, ABC LEGAL is able to efficiently manufacture process server returns which facially appear to have been "signed" by its process server agents, but which were never actually signed under penalty of perjury as required by California law. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL places the legend "BY FAX" on its Proof of Service of Summons documents with the intent to purposefully evade the document signing

1 requirements imposed under California law for such documents.[9]

2      29.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

3 in this Complaint, ABC LEGAL knew that fraud, perjury, breach of official duty and other wrongful

4
5 acts were being committed by LOWRY against the Plaintiff and others. In fact, ABC LEGAL gave

6 substantial assistance and encouragement to LOWRY by producing fully completed Proof of Service of

7 Summons documents which contain LOWRY's facsimile signature and ABC LEGAL's address and

8 telephone number instead of LOWRY's address and telephone number. Plaintiff is informed, believes

9 and thereon alleges, that neither LOWRY nor any of ABC LEGAL's other process server agents

10
11 actually sign the completed Proof of Service of Summons documents sold by ABC LEGAL.

12      30.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

13 in this Complaint, ABC LEGAL effectively controlled its process server agents, including LOWRY, by

14 *inter alia*:

15           a.    choosing which assignments each process server agent will receive (i.e.,

16
17 controlling what work must be performed by a specific individual);

18           b.    requiring personal performance of the tasks assigned to its process server

19 agents (i.e., controlling what work must be performed by a specific individual);

20           c.    forbidding or severely restricting its process server agents' ability to

21 substitute or assign their performance of the assigned tasks (i.e., controlling what work must be

22

23 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[9] "When a document to be filed requires the signature, under penalty of perjury, of any person, the
24 document shall be deemed to have been signed by that person if filed electronically and **if a printed
form of the document has been signed by that person** prior to, or on the same day as, the date of
25 filing. The attorney or person filing the document represents, by the act of filing, that the declarant has
complied with this section. **The attorney or person filing the document shall maintain the printed
26 form of the document bearing the original signature** and make it available for review and copying
upon the request of the court or any party to the action or proceeding in which it is filed." Cal. Code of
27 Civil Procedure § 1010.6(a)(2)(B) (emphasis added); *see also*, Cal. Rules of Court, Rule 2.305(a) ("A
party who files or serves a signed document by fax under the rules in this chapter represents that the
28 original signed document is in the party's possession or control.").

1    performed by a specific individual);

2           d.    requiring the use of GPS tracking devices for its process server agents (i.e.,

3    controlling what tools and equipment must be used to perform the assigned tasks);

4
5           e.    requiring detailed real-time reporting to ABC LEGAL of all service

6    attempts made by its process server agents (i.e., controlling the manner in which the assigned

7    tasks are performed and requiring regular written reports);

8           f.    requiring the use of ABC LEGAL's computer systems and software for the

9    performance of its process server agents' assigned duties (i.e., controlling what tools and

10   equipment must be used to perform the assigned tasks and the manner in which the assigned

11
12   tasks are performed); and

13          g.    requiring its process server agents maintain specified minimum automobile

14   liability insurance and $1,000,000 in professional liability insurance coverage, that ABC

15   LEGAL be named as as additional insured in all such insurance policies and requiring

16   immediate notification from its process server agents should said insurance policies be canceled

17
18   or not renewed (i.e., controlling business practices and decisions).

19          31.    Through the use of the GPS tracking devices all ABC LEGAL process server

20   agents are required to carry and the real-time reporting and tracking data that these devices provide,

21   ABC LEGAL is able to track in real-time the movements of all its process server agents.

22          32.    ABC LEGAL's conduct was a substantial factor in causing the harm to Plaintiff.

23
24   ABC LEGAL should be held responsible as an aider and abettor for the fraud, breach of official duty

25   and other wrongful acts committed by LOWRY against the Plaintiff.

26                                **RATIFICATION**

27          33.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL is

28

1  responsible for the harm caused by LOWRY's unlawful conduct because ABC LEGAL approved

2  LOWRY's unlawful conduct after it occurred.

3       34.    Plaintiff is informed, believes and thereon alleges, that LOWRY intended to act on

4  behalf of ABC LEGAL when he provided ABC LEGAL with a digital facsimile of his signature with

5

6  the knowledge that ABC LEGAL would use his digital signature on process server returns.

7       35.    Plaintiff is informed, believes and thereon alleges, that LOWRY intended to act on

8  behalf of ABC LEGAL when he accepted the assignment from ABC LEGAL to serve the state court

9  process on Plaintiff.

10

11      36.    Plaintiff is informed, believes and thereon alleges, that LOWRY intended to act on

12 behalf of ABC LEGAL when he subsequently failed to serve the state court process on Plaintiff that

13 had been entrusted to him and instead provided false and fraudulent information to ABC LEGAL

14 regarding the completion of him assignment.

15      37.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL learned of

16 LOWRY's failure to faithfully serve the state court process that ABC LEGAL had entrusted to

17

18 LOWRY after it occurred.

19      38.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved

20 LOWRY's unlawful conduct by voluntarily keeping the benefits of LOWRY's unlawful conduct after

21 learning of the conduct.

22

23      39.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved

24 LOWRY's unlawful conduct as alleged in this case by continuing to employ LOWRY and continuing

25 to assign process server assignments to LOWRY after learning that LOWRY had engaged in sewer

26 service.

27      40.    As a result of ABC LEGAL's ratification of LOWRY's unlawful conduct, ABC

28

- 13 -
COMPLAINT

1  LEGAL is liable to Plaintiff for all damages alleged in this case.

2  ### NONDELEGABLE DUTY

3  41.    California Business and Professions Code § 22356 provides as follows:

4
5  A registrant shall be responsible at all times for the good conduct of his or her
   employees acting within the course or scope of their employment, and any person acting
6  as an independent contractor within the course or scope of the agency relationship with
   the registrant.

7
8  42.    By enacting this statute, the California legislature sought to implement specific

9  safeguards for the general public to insure that process server agencies like ABC LEGAL faithfully and

10 honestly carry out their responsibilities to the courts of California and to the general public.

11 43.    Plaintiff is informed, believes and thereon alleges, that LOWRY was acting within

12 the course and scope of his agency relationship with ABC LEGAL at all times alleged in this

13 Complaint.
14

15 44.    ABC LEGAL had a nondelegable duty to Plaintiff to ensure that the state court

16 process entrusted to it were faithfully served on Plaintiff and that its agents did not engage in sewer

17 service.

18 45.    Because ABC LEGAL could not delegate to LOWRY its duty to faithfully and

19 honestly serve Plaintiff with the state court process entrusted to it, ABC LEGAL is liable to Plaintiff for
20
   all damages alleged in this case.
21

22 ### FACTUAL ALLEGATIONS

23 46.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

24 financial obligation, namely a consumer credit account (hereinafter "the alleged debt"). The alleged

25 debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that
26
   term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil
27
28 Code § 1788.2(f).

1    47.   Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

2    a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Mandarich

3    Law Group, LLP (hereinafter "Mandarich Law Group"), for collection from Plaintiff.

4

5    48.   On April 5, 2011, Mandarich Law Group filed a lawsuit against Plaintiff in the

6    Superior Court of Alameda County, captioned *CACH, LLC v. David H. Brown, et al.*, and assigned

7    Case No. FG11569905 (hereinafter "the state court action"), in an attempt to collect the debt.

8    49.   Plaintiff is informed and believes, and thereon alleges that Mandarich Law Group

9    thereafter engaged ABC LEGAL to duly and faithfully serve legal process in the state court action upon

10   Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint.

11

12   50.   Plaintiff is informed and believes, and thereon alleges that on or about April 29,

13   2011, ABC LEGAL composed a document titled Proof of Service of Summons in which Defendants

14   represented, under penalty of perjury, that LOWRY had **personally served** Plaintiff with a copy of the

15   Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet and Alternative Dispute Resolution

16   (adr) Packet in the state court action on April 28, 2011, at 7:36 p.m. Thereafter, ABC LEGAL caused

17

18   the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the state court

19   action on May 5, 2011. A true and correct copy of the Proof of Service of Summons filed in the state

20   court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

21   51.   Despite the representations made by Defendants in their Proof of Service of

22   Summons (Exhibit "1"), Plaintiff was not served personally, or otherwise, with a copy of the Summons

23

24   and Complaint in the state court action. The Proof of Service of Summons documents composed by

25   ABC LEGAL appears facially valid – indeed, ABC LEGAL's very purpose is to pass facial review –

26   hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a

27   default judgment has been entered.

28

- 15 -
COMPLAINT

1       52.     Plaintiff is informed and believes, and thereon alleges that the address used on the

2       Proof of Service of Summons (Exhibit "1"), (i.e., 304 12th Street, Suite 4A, Oakland, CA 94607) is the

3       business address of ABC LEGAL and not the address of LOWRY as represented in the document.

4
5       53.     Plaintiff is informed and believes, and thereon alleges that the telephone number

6       used on the Proof of Service of Summons (Exhibit "1"), (i.e., 510-832-0701) is the business telephone

7       number of ABC LEGAL and not the telephone number of LOWRY as represented in the document.

8       54.     Plaintiff is informed and believes, and thereon alleges that the Proof of Service of

9       Summons (Exhibit "1") bears the facsimile signature of LOWRY. Plaintiff is informed and believes,

10      and thereon alleges that LOWRY provided ABC LEGAL with his facsimile signature for use on

11
12      process server returns and that ABC LEGAL used LOWRY's facsimile signature to produce the Proof

13      of Service of Summons (Exhibit "1") in this case.

14      55.     Plaintiff is informed and believes, and thereon alleges that the Proof of Service of

15      Summons (Exhibit "1") bears an order number (i.e., 9020310) that was issued by ABC LEGAL for use

16      in tracking the service of process order requested by Mandarich Law Group. Plaintiff is informed and

17
18      believes, and thereon alleges that ABC LEGAL also uses the order number for accounting and billing

19      purposes.

20      56.     Plaintiff is informed and believes, and thereon alleges that Defendants, acting

21      together, knowingly and willfully composed and sold Mandarich Law Group the Proof of Service of

22      Summons (Exhibit "1") containing false statements regarding their service of court process in the state

23
24      court action.

25      57.     According to the Proof of Service of Summons (Exhibit "1"), Defendants, acting

26      together, sold the process server return to Mandarich Law Group for $60.00.

27      58.     On or about June 27, 2011, Plaintiff received a Request for Entry of Default in the

28

COMPLAINT

state court action and a letter informing him that there was a lawsuit filed against him. Upon learning of the state court action, Plaintiff retained legal counsel and obtained a copy of the state court's file at his own expense. In his review of the state court file, Plaintiff first learned that Defendants had composed and filed their false Proof of Service of Summons (Exhibit "1"). Plaintiff discovered that Defendants' Proof of Service of Summons (Exhibit "1") represented that he had been personally served with a copy of the state court Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet and Alternative Dispute Resolution (adr) Packet at: 187 Buck Court, Fremont, California 94539-6031 on April 28, 2011. In fact, Plaintiff was not at home on the evening of April 28, 2011, as he was not served personally, or otherwise, with service of process in the state court action.

## ABC LEGAL's Business Practices

59. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL composes and sells process server returns, like the Proof of Service of Summons (Exhibit "1") in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL will pay LOWRY and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed. Because ABC LEGAL's process servers are not paid for unsuccessful service attempts, process servers like LOWRY have a strong financial incentive to falsify process server returns. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

60. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL charges substantially less than the published rates of many of its San Francisco Bay Area competitors for

process server services. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL effectively sells sewer service, by underbidding the true costs of proper service.

61. Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not serving consumer debt defendants, debt collection firms like Mandarich Law Group and debt buyers like CACH, LLC, are able to generate hundreds of judgments by default on cases where they could never prevail on the merits. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

62. Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of a perjured Proof of Service of Summons (Exhibit "1") violates California Code of Civil Procedure § 417.10.

63. Under California law the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[10] "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . ."[11] Defendants' composition and sale of perjured process server returns,

---

[10] Cal. Evidence Code § 647.
[11] Cal. Evidence Code § 604.

- 18 -
COMPLAINT

1  like the <u>Proof of Service of Summons</u> (Exhibit "1") in this case, is facilitated and aided by the

2  evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this

3  case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are

4
5  imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly

6  impossible "burden of providing strong and convincing evidence of non-service."[12] Because "a mere

7  allegation that process was not served, without some additional showing of evidence is insufficient to

8  refute the validity of an affidavit of service,"[13] victims of sewer service, like Plaintiff in this case, are

9  ultimately required to prove a negative;[14] they must prove that an event never occurred and their own
10
   sworn testimony of non-service is not enough to meet their evidentiary burden. Because of this
11
12 procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly

13 reprehensible.

14      64.    Plaintiff is informed and believes, and thereon alleges, that Defendants have

15 composed and sold false and misleading <u>Proof of Service of Summons</u> documents in the form of

16 Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint.
17
18 Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

19                                          **CLAIMS**

20                          **FAIR DEBT COLLECTION PRACTICES ACT**

21      65.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt
22
   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*
23
24      66.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

25 herein.

26
   _____
27 [12] *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229, *3-4.
   [13] *Id.*
28 [14] *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

                                   - 19 -

67. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

68. Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

69. Defendant, ABC LEGAL, is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

70. Defendant, LOWRY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

71. Defendant, LOWRY, is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

72. The financial obligation sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

73. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true name and process server

1    registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

2    22356.5(a), with the intent to misrepresent the true nature of the services being provided;

3               e.    Knowingly and intentionally withholding their true name and process server

4    registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

5    22356.5(a), with the intent to conceal and obscure their joint responsibility for service of

6    process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

7

8               f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and

9    other wrongful acts committed by the other Defendants in this case.

10        74.    Defendants' acts as described above were done intentionally with the purpose of

11   coercing Plaintiff to pay the alleged debt.

12

13        75.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

14   award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

15   § 1692k.

16

17                        **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

18        76.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal

19   Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

20        77.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

21   herein.

22        78.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

23   1788.2(h).

24

25        79.    Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the

26   RFDCPA, Cal. Civil Code § 1788.2(c).

27        80.    Defendant, LOWRY, is a "debt collector" as that term is defined by the RFDCPA,

28

Cal. Civil Code § 1788.2(c).

81.     The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

82.     Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

        a.     Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

        b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

        c.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

        d.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

        e.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

        f.     Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

1    83.    Defendants' acts as described above were done willfully and knowingly with the

2    purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

3    84.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

4
5    award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §

6    1788.30(a).

7    85.    As a result of Defendants' willful and knowing violations of the RFDCPA,

8    Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

9    ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil
10
11   Code § 1788.30(b).

12   86.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

13   award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to

14   Cal. Civil Code § 1788.17.[15]

15   87.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

16
17   award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

18   88.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

19   are intended to be cumulative and in addition to any other procedures, rights or remedies that the

20   Plaintiff may have under any other provision of law.

21   **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

22   89.    Plaintiff brings the third claim for relief against Defendants for their unlawful
23
24   business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*,

25   which prohibits all unlawful business acts and/or practices.

26   90.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

27

28   [15]  15 U.S.C.§ 1692k(a)(2)(A).
     [16]  15 U.S.C.§ 1692k(a)(3).

1 | herein.

2      91.    The unlawful acts and practices of Defendants alleged above constitute unlawful

3

4 business acts and/or practices within the meaning of California Business and Professions Code § 17200

5 *et seq.*

6      92.    By engaging in the above-described acts and practices, Defendants have

7 committed one or more acts of unfair competition within the meaning of California Business and

8 Professions Code § 17200 *et seq.*

9      93.    Defendants' unlawful business acts and/or practices as alleged herein have

10

11 violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of §

12 17200 *et seq.* These predicate unlawful business acts and/or practices include Defendants' composition

13 and sale of a perjured <u>Proof of Service of Summons</u> (Exhibit "1"), in violation of California Code of

14 Civil Procedure § 417.10 and the intentional failure by ABC LEGAL to place its name and process

15 server registration number (if it has one) on the process server returns that it sells, in violation of

16 California Business and Professions Code § 22356.5(a). Additionally, as described in more detail

17 above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil

18 Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by,

19

20      a.    Manufacturing and selling a fraudulent <u>Proof of Service of Summons</u> that

21 falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact

22 he was not;

23

24      b.    Manufacturing and selling fraudulent, deceptive, and misleading statements

25 and documents which are used in the collection of consumer debts;

26      c.    Knowingly and intentionally withholding their true name and process server

27 registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

28

1    22356.5(a), with the intent to deceive;

2              d.    Knowingly and intentionally withholding their true name and process server

3    registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

4    22356.5(a), with the intent to misrepresent the true nature of the services being provided;

5

6              e.    Knowingly and intentionally withholding their true name and process server

7    registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

8    22356.5(a), with the intent to conceal and obscure their joint responsibility for service of

9    process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

10

11             f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and

12   other wrongful acts committed by the other Defendants in this case.

13        94.   Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive

14   advantage over their competitors.

15        95.   The unlawful acts and practices, as fully described herein, present a continuing

16   threat to members of the public to be misled and/or deceived by Defendants as described herein.

17   Plaintiff and other members of the general public have no other remedy at law that will prevent

18   Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

19

20        96.   As a direct and proximate result of Defendants' unlawful conduct alleged herein,

21   Plaintiff has sustained actual pecuniary loss in that he was required to obtain a copy of the state court's

22   file at his own expense. Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein,

23   and has suffered an injury in fact and has lost money or property as a result of Defendants' unfair

24   competition.

25

26        97.   Plaintiff is entitled to declaratory relief and a permanent injunction enjoining

27   Defendants from their unlawful activity.

28

**REQUEST FOR RELIEF**

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[17]

h) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with Cal. Bus. & Prof. Code § 22356.5(a), (iii) that a monitoring system for process servers be implemented and maintained, (iv) training and testing all of Defendants' employees and agents regarding

---

[17] 15 U.S.C. § 1692k(a)(2)(A).

1  applicable service of process laws, (v) a reporting system be made available to

2  Defendants' customers for reporting suspected service of process irregularities, and (vi)

3  the institution of a disciplinary system that will investigate and immediately discipline,

4
5  up to and including termination, any employee or agent that has been found to engage in

6  sewer service;

7  i) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

8  U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[18] and 1788.30(c); and

9  j) Award Plaintiff such other and further relief as may be just and proper.

10

11  CONSUMER LAW CENTER, INC.

12

13  By: /s/ Fred W. Schwinn
     Fred W. Schwinn (SBN 225575)
14   CONSUMER LAW CENTER, INC.
     12 South First Street, Suite 1014
15   San Jose, California 95113-2418
16   Telephone Number: (408) 294-6100
     Facsimile Number: (408) 294-6190
17   Email Address: fred.schwinn@sjconsumerlaw.com

18   Attorney for Plaintiff
19   DAVID HAJIME BROWN

20
21
22
23
24
25
26
27
28
---
[18] 15 U.S.C. § 1692k(a)(3).

- 27 -
COMPLAINT

1     **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3     parties, there is no such interest to report.

4

5                               /s/ Fred W. Schwinn
                              Fred W. Schwinn, Esq.

6

7     **DEMAND FOR JURY TRIAL**

8     PLEASE TAKE NOTICE that Plaintiff, DAVID HAJIME BROWN, hereby demands a trial by

9     jury of all triable issues of fact in the above-captioned case.

10

11                               /s/ Fred W. Schwinn

12                               Fred W. Schwinn, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -
COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
**Chris D. Mandarich #220693; Ryan E. Vos, #224368**
**Mandarich Law Group LLP**
**6301 Owensmouth Avenue, Suite 850 Woodland Hills CA**

TELEPHONE NO.:  **(818) 264-0111**     FAX NO. *(Optional)*:

EMAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:   **CACH, LLC**

**\*9334476\***

F I L E D
ALAMEDA COUNTY

MAY 0 5 2011

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:   **39439 Paseo Padre Parkway**
MAILING ADDRESS:
CITY AND ZIP CODE:   **Fremont 94538**
BRANCH NAME:   **Fremont Hall of Justice**

PLAINTIFF/PETITIONER:  **CACH, LLC**

DEFENDANT/RESPONDENT:  **DAVID H BROWN, an Individual**

| CASE NUMBER: |
| --- |
| **FG11569905** |

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
**120001523632**

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
   **Summons; Complaint; Affidavit of Venue; Civil Case Cover Sheet; Alternative Dispute Resolution (adr) Packet**

3. a. Party served *(specify name of party as shown on documents served)*:
      **DAVID H BROWN , an Individual**

   b. [   ] Person (other than the party in Item 3a) served on behalf of an entity or as an authorized agent (and not a person under
          Item 5b whom substituted service was made) *(specify name and relationship to the party named in Item 3a )*:

4. Address where the party was served:
      **187 BUCK Court, FREMONT, CA 94539-6031**

5. I served the party *(check proper box)*

   a. [ X ] **by personal service.**  I personally delivered the documents listed in Item 2 to the party or person authorized to receive
            service of process for the party  (1) on *(date)*: 4/28/2011   (2) at *(time)*: **7:36 PM**

   b. [   ] **by substituted service.**  On *(date)*:       (2) at *(time)*:       I left the documents listed in Item 2 with or in the
            presence of *(name and title or relationship to person indicated in Item 3)*:

      (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
               person to be served. I informed him or her of the general nature of the papers.

      (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
               abode of the party. I informed him or her of the general nature of the papers.

      (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed him or
               her of the general nature of the papers.

      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
               where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:       from
               *(city)*:          or [   ] a declaration of mailing is attached.

      (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]



**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 9020310 LAX FIL



EXHIBIT
1

| PLAINTIFF/PETITIONER: **CACH, LLC** | CASE NUMBER: **FG11569905** |
|---|---|
| DEFENDANT/RESPONDENT: **DAVID H BROWN, an Individual** | |

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [ X ] as an individual defendant.

    b. [ ] as the person sued under the fictitious name of *(specify):*

    c. [ ] as occupant

    d. [ ] On behalf of *(specify):*

        under the following Code of Civil Procedure section:

          [ ] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)

          [ ] 416.20 (defunct corporation)           [ ] 416.60 (minor)

          [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)

          [ ] 416.40 (association or partnership)       [ ] 416.90 (authorized person)

          [ ] 416.50 (public entity)              [ ] 415.46 (occupant)

                                          [ ] other

7. **Person who served papers**

    a. Name:                  **Richard Lowry**

    b. Address:            **304 12th St, Suite 4A, Oakland, CA 94607**

    c. Telephone number:    **510-832-0701**

    d. The fee for service was:  **$60.00**

    e. I am:

        (1) [ ] not a registered California process server.

        (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [ X ] registered California process server:

            (i) [ ] owner  [ ] employee  [ X ] independent contractor

            (ii) [ X ] Registration No.:    **1101 Alameda**

            (iii) [ X ] County:          **San Francisco**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **4/29/2011**

    **Richard Lowry**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

*BY FAX* (margin)



**PROOF OF SERVICE OF SUMMONS**

Order No. 9020310 LAX FIL